IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | 2:23-CR-059-Z-BR |
| ANTONIO FRANCISCO BETANCURT, | |
| Defendant. | |

### MEMORANDUM OPINION AND ORDER

Before the Court is a motion that the Court will construe as a Motion for Compassionate Release ("Motion") (ECF No. 61) filed by Defendant Antonio Francisco Betancurt ("Betancurt"). For the reasons stated below, Betancurt's Motion is **DENIED**.

#### BACKGROUND

On December 21, 2023, the Court accepted Betancurt's guilty plea to one count of Possession with Intent to Distribute Methamphetamine and Aiding and Abetting, in violation of 21 U.S.C. Sections 841(a)(1) & (b)(1)(C) and 18 U.S.C. Section 2. ECF No. 37. As a result, on April 18, 2024, the Court sentenced Betancurt to 240 months of imprisonment, followed by three years of supervised release. ECF No. 46. On April 2, 2025, Betancurt filed this Motion, seeking release based upon his rehabilitation efforts and his family circumstances. ECF No. 61.

#### LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed, except in limited circumstances. *United States v. Hoffman*, 70 F.4th 805, 811 (5th Cir. 2023); *see also* 18 U.S.C. Section 3582(c). Betancurt asks the Court for relief under 18 U.S.C. 3582(c)(2), which provides that the Court may modify the sentence of a defendant

who was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission. However, he provides no evidence, and the Court has found none, indicating that the guideline range under which he was sentenced has been lowered. Therefore, to the extent Betancurt seeks relief pursuant to Section 3582(c)(2), his Motion is **DENIED**.

Because Betancurt seeks relief based upon his family circumstances and rehabilitation efforts, the Court construes his motion as a motion for compassionate release pursuant to Section 3582(c)(1)(A). A defendant moving for compassionate release must satisfy three criteria: (1) either "extraordinary and compelling reasons" warrant a reduction, or he is at least 70 years of age, has served at least 30 years in prison, and meets certain additional requirements;[1] (2) show that compassionate release is consistent with applicable U.S. Sentencing Commission policy statements; and (3) convince the Court to exercise its discretion to grant the motion after considering the Section 3553(a) factors. *United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022); *United States v. Keys*, 846 F. App'x 275, 276 (5th Cir.), *cert. denied*, 142 S. Ct. 299 (2021).

LEGAL ANALYSIS

A. Betancurt Shows No "Extraordinary and Compelling Reasons" for Release

Although Section 3582(c)(1)(A) provides that the Court may reduce a prison sentence for extraordinary and compelling reasons, the statute itself provides no definition of situations considered to be "extraordinary and compelling." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). In an effort to define "extraordinary and compelling," the U.S. Sentencing Commission promulgated Sentencing Guideline Section 1B1.13, which was amended in 2023 to include a list of six extraordinary and compelling reasons that may justify

---

[1] This factor does not apply to Betancurt.

compassionate release. *See* U.S. Sent'g Guidelines Manual Supplement to App. C (U.S. Sent'g Comm'n 2023) at 200–10 (Am. 814).

Betancurt seeks release because he has been attending school and has changed since entering prison. However, rehabilitation alone is not an extraordinary and compelling reason for release under the sentencing guidelines. Rehabilitation may be considered only in combination with other circumstances in determining whether, and to what extent, a reduction in the movant's term of imprisonment is warranted. *See* Section 1B1.13(d).

Betancurt also alleges that his wife needs his help in caring for Betancurt's two sons, and she is "in dire need of financial help." ECF No. 61 at 1. However, this situation does not meet the requirements Section 1B1.13(b)(3), which considers compassionate release for family circumstances when the movant is the sole possible caregiver for minor children, disabled children, an incapacitated parent, or other immediate family member. Betancurt does not allege that he is the sole possible caregiver for his children such that Section 1B1.13(b)(3) would apply.

Further, Betancurt's desire to provide for his children during this time is laudable, but is not "extraordinary and compelling" for the purposes of compassionate release. An inmate's "desire . . . to be a good role model does not constitute an extraordinary and compelling reason warranting compassionate release." *United States v. Castillo*, No. 4:16-CR-142, 2022 WL 2718724 at *4 (E.D. Tex. July 13, 2022), *citing United States v. Silverlight*, No. 4:12-CR-201, 2021 WL 1736864, at *3 (N.D. Cal. May 3, 2021) (holding that defendant's arguments for "release to care for members of her family [including her minor children] do not rise to the level of 'extraordinary and compelling' circumstances warranting reduction of her sentence"). Betancurt has not met his burden to show an extraordinary and compelling reason for release.

## B. The Section 3553 Factors Weigh Against Release

The Court also must consider the applicable Section 3553(a) factors to determine whether compassionate release is warranted. *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021). Mindful of these factors, the Court has carefully considered the record pertaining to (1) Betancurt's sentence relative to the nature and seriousness of his offense; (2) his personal history and characteristics; (3) the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (4) the need to afford adequate deterrence; (5) the need to protect the public from further crimes by Betancurt; (6) the need to provide rehabilitative services; (7) the applicable guideline sentence; and (8) the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct. *See* 18 U.S.C. Section 3553(a). These factors are evaluated under the overarching principle that a sentence must be "sufficient, but not greater than necessary" to achieve sentencing goals, such as promoting respect for law and discouraging recidivism. *Id.* After considering the facts and circumstances pertaining to these factors, the Court cannot justify compassionate release. "Compassionate release is discretionary, not mandatory, and [may] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

A review of the record shows that these factors militate against compassionate release. Betancurt's Factual Resume shows that he admitted to knowingly possessing methamphetamine with the intent to distribute. ECF No. 30 at 3. The Presentence Report found that Betancurt was involved not only with methamphetamine, but also with cocaine and fentanyl. ECF No. 39-1 at 5. Betancurt was found accountable for nearly 95,230 kilograms of converted drug weight, and his total offense level, even after reductions for acceptance of responsibility, was 38. *Id.* at 7. In view of the serious nature and circumstances of his offense of conviction, the Court cannot conclude that releasing Betancurt from prison

after he has served little more than one year of a 20-year sentence would afford adequate deterrence or protect the public. Granting compassionate release, in the Court's view, would not provide a just punishment for his offense.

After reviewing the entirety of the record, the Court determines that releasing Betancurt at this time would minimize the impact of his crime and the seriousness of his offense, as well as fall far short of providing a just punishment and an adequate deterrence to criminal conduct. Therefore, the Court finds that the Section 3553(a) factors weigh against a sentence reduction. This is an independent justification for denying the Motion.

For the foregoing reasons, the Motion is **DENIED**.

**SO ORDERED**.

July 18, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE